216 So.2d 428 (1968)
CAPITAL ELECTRIC POWER ASSOCIATION
v.
MISSISSIPPI POWER & LIGHT COMPANY.
No. 45104.
Supreme Court of Mississippi.
December 9, 1968.
Hedgepeth & Hedgepeth, Jackson, for appellant.
*429 Wise, Carter & Child, Jackson, for appellee.
ETHRIDGE, Chief Justice:
This case involves the validity of an order of the Public Service Commission pertaining to two electric utilities, and the question of whether under the existing facility rule the Commission had substantial evidence to justify it in authorizing Mississippi Power and Light Company, appellee (hereinafter called MP&L), to construct on its own rights-of-way an electric line to provide standby auxiliary service for its properly authorized substation, which is located in an area certificated to Capital Electric Power Association. We hold that it had, and therefore affirm the decree of the Chancery Court for the First Judicial District of Hinds County, which in turn had affirmed the Commission's order.
In 1959 Capital Electric, appellant, obtained from the Commission a grandfather certificate of public convenience and necessity including the area in which is located MP&L's substation. MP&L had an arrangement with other electric utility companies in the central south and with the TVA for the interchange of electric power. In order to provide for interchanges of large blocks of power, MP&L found it necessary to construct transmission lines of extra high voltage (EHV) and the necessary substations to step down power from high voltage to 115 KV. In 1963 (amended in 1965) the Commission granted MP&L a certificate to construct an EHV transmission system of 500 KV in certain areas of the state, including Hinds County. A part of this transmission system authorized by the Commission was the Ray Braswell 500 KV EHV substation located in Hinds County. Its purpose is to provide a point where the power, received from those with whom the company has interchange arrangements, may be transformed into the voltage required to utilize it in the Jackson and central Mississippi areas.
These orders of the Commission were not appealed from and are now final. The Braswell substation is located in the western part of Hinds County, within the area certificated to Capital Electric, which had notice of the application and hearing but did not protest construction of the substation at the present site. Because of these interchange arrangements, the Braswell substation is a vital and essential part of the EHV transmission system in the middle south, handling up to 2000 megawatts of power and transferring it from one area of the South to another. It is also a vital and essential part of MP&L's electric system for the furnishing of adequate service to consumers in the Jackson and central Mississippi area.
Operation of the Braswell substation requires that certain auxiliary electric power be furnished to it in order to maintain an adequate level of temperature in the circuit breakers of the substation, which cost $250,000 each, to provide air-conditioning for the control house on the substation site and electronic equipment in it, and to furnish lighting on the substation for certain DC battery chargers. These are essential to continue its operation. The auxiliary power must be available constantly. The substation cannot be without such auxiliary power for a period of more than one and one-half hours without serious damage to MP&L's system. Auxiliary power is that used on the substation site for purposes of maintaining the facility, which in turn provides a source of power for MP&L's system. It is furnished by using certain extra power in the transformers located in the substation.
The purpose of the approximately 6,000 feet of 13.8 KV electric distribution line, sought to be constructed by MP&L, is to provide a standby source for the auxiliary power required by the Braswell substation. If for any reason the regular auxiliary power should fail, it is necessary that a standby source of power be available to supply the substation's requirements in order to prevent serious damage to the substation itself. *430 Moreover, such standby service should be available automatically upon failure of the regular auxiliary power.
MP&L already owns a transmission line right-of-way extending in a westerly direction. It would not need to acquire any additional right-of-way for construction of the requested distribution line, which would be a "frozen" line, since no service would be rendered from it to any consumer within the grandfather service area of Capital Electric. The line would be used exclusively as a source of standby auxiliary power to the substation.
The Commission found that it was essential for the substation to have this standby auxiliary power, and that the nature and purpose of the service to be rendered to the substation was "such that the public convenience and necessity requires that petitioner control the standby source of auxiliary power for the operation of said substation * * *." The Commission was amply justified in this decision. It is inherent in the operation of a substation that it must have auxiliary power, and also standby auxiliary power. The Commission's order authorizing construction and maintenance of the substation at its existing location was a final order. An integral part of this facility is a provision for standby auxiliary power, which is a component part of the substation operation. It would be unreasonable to invest MP&L with the right and duty to operate the substation, and yet deprive it of the right to furnish for itself standby electric power.
The Elton case first extended the existing facility rule to electric power companies under the Public Utility Act of 1956. Capital Electric Power Assn. v. Mississippi Power & Light Co., 240 Miss. 139, 125 So.2d 739 (1961). It held:
An existing utility within the certificated area has the right and duty to provide the service, and must be given that opportunity. If it fails, the commission can award another franchise to another utility. (240 Miss. at 151, 125 So.2d at 743).
Capital Electric contends that under this rule it is willing and able to serve adequately the load for the standby auxiliary service to MP&L's substation; that the substation is in Capital Electric's certificated area; and that it has the first right under that rule to be given an opportunity to furnish the standby service. The Elton case dealt with electric service to a third party consumer. Here, MP&L seeks the right to provide for its own substation, costing several million dollars, standby auxiliary service which would be necessary in the event auxiliary service already available on MP&L's own circuits failed. We do not think that the existing facility rule is applicable or controlling under these circumstances. Keith v. Bay Springs Telephone Co., 251 Miss. 106, 168 So.2d 728 (1964), examined in detail the history and rationale of the existing facility rule, and cautioned that it "should not be used arbitrarily or inflexibly."
Moreover, the order of the Public Service Commission was within the Commission's administrative discretion. It has the power to make rules and regulations. Miss.Code 1942 Ann. § 7716-13 (1956). The basis of judicial review is the substantial evidence rule. Miss.Code 1942 Ann. §§ 7716-22, 7716-26 (1956). The Commission has general jurisdiction and extensive regulatory powers over public utilities. Miss.Code 1942 Ann. §§ 7716-04, 7716-05 (1956). It has the responsibility to use its experience and specialized knowledge in the matters within its jurisdiction. This kind of issue is one peculiarly within the expertise of the Commission, and as to which it can exercise a reasonable discretion.
Affirmed.
RODGERS, BRADY, SMITH and ROBERTSON, JJ., concur.