327 So.2d 296 (1976)
MISSISSIPPI PUBLIC SERVICE COMMISSION
v.
MISSISSIPPI VALLEY GAS COMPANY.
No. 48693.
Supreme Court of Mississippi.
March 2, 1976.
Bennett E. Smith, Jackson, Joe G. Moss, Raymond, for appellant.
Overstreet & Kuykendall, Carson M. Hughes, Jackson, for appellee.
Before INZER, P.J., and SMITH and BROOM, JJ.
INZER, Presiding Justice:
The Mississippi Public Service Commission appeals from a final decree of the Chancery Court of the First Judicial District of Hinds County vacating an order of the commission issued on July 19, 1974, which had denied an increase in the rates sought by appellee, Mississippi Valley Gas Company. Appellee cross appeals from that part of the decree remanding the cause to the commission for a determination of an appropriate rate.
On January 14, 1974, Mississippi Valley Gas Company, a public utility, filed with the Mississippi Public Service Commission a notice of change of rates, pursuant to Section 77-3-37, Mississippi Code 1972 Annotated, which notice stated the company intended to make such rates effective as of February 14, 1974. On January 21, 1974, the commission suspended the operation of the proposed rates for a period of ninety days beginning February 12, 1974, and provided for a hearing to be held with regard to the proposed rates. As permitted by Section 77-3-39, Mississippi Code 1972 Annotated, the company implemented the proposed rates on February 14, 1974, subject to a refund under a $2,000,000 bond. After a hearing, and the entry of an order extending *297 the initial suspension period for an additional ninety days, the commission entered an order denying the rate increase. The company petitioned for a rehearing which was denied; thereupon the company appealed to the chancery court.
After a review of the record, the chancellor found that the overwhelming weight of the evidence supported the request of the company for the rate change and that the commission's order was contrary to the overwhelming weight of the evidence. The chancellor also noted that the order of the commission was not supported by a sufficient finding of fact. A decree was entered vacating the order and remanding the cause to the commission for a further hearing for a determination of a proper rate.
On direct appeal, the commission contends that its findings were prima facie correct, and the chancellor was in error in disturbing its findings because the decision was not arbitrary, capricious, or manifestly against the weight of the evidence. The difficulty with this contention is that neither in its order nor in its brief does the commission point to any substantial evidence to support its order. Furthermore, the commission fails to explain its determination that the rate increase was unwarranted. We note it did not find that the rates were unjust, unreasonable or unreasonably discriminatory or in any way in violation of the law. It is true that on appeal the findings of the public service commission are considered prima facie correct and the appellate court will not substitute its judgment for that of the commission, provided substantial evidence exists to support its findings or its findings are not manifestly against the weight of the evidence. However, after the chancellor found that the order of the commission was against the overwhelming weight of the evidence, the burden was on the commission on appeal to this Court to point to the evidence that supported its order to show that its order was not manifestly against the weight of the evidence, and this the commission failed to do.
After an examination of the brief, the inadequate abstract of the record, and the record itself, we are unable to find any substantial evidence to support the order of the commission, and therefore we agree with the chancellor that the order of the commission was against the overwhelming or manifest weight of the evidence.
The record reveals that the commission apparently accepted the company's figures as to the utility plant in service but without any explanation refused to accept the additions. To illustrate the method used by the commission to arrive at a rate base, we mention the fact that the commission, without explanation, subtracted from the rate base customers' deposits in the amount of $2,627,000 on which the company is required to pay eight per cent interest. The company included this item as a part of its total long term debt and as one of the items making up its total capitalization. Since the company is required to pay interest on deposits, we are unable to see how these funds are any different from other borrowings by the company, and therefore, the deposits constitute a part of its long term debt. We also note that the commission's own expert witness included this item as a proper part of the company's long term debt.
On cross appeal, the company contends that although the chancellor was correct in vacating the order of the commission, he should have followed the holding of this Court in Mississippi Power Co. v. Public Service Commission, 291 So.2d 541 (Miss. 1974), and entered an order restraining an imposition of confiscatory rates. This contention has merit. We find in this case as in Mississippi Power Co. v. Public Service Commission, supra, that except for the difference of opinion of the rate experts, the facts of this case are not in dispute. The commission did not accept the recommendation of either rate *298 expert, and in fact fixed a rate of return lower than that recommended by its own expert witness, without sufficient finding of fact to support its ultimate conclusion. Since the order of the commission was not supported by substantial evidence and was against the manifest weight of the evidence, we affirm the decree of the chancery court vacating the order of the commission, but we further find that the order of the commission denying the rate increase amounted to an imposition of a confiscatory rate that should be restrained.
For the reasons stated, the decree of the chancery court is affirmed on direct appeal and reversed on cross appeal insofar as it remanded the cause to the commission. A judgment will be entered here approving the rate schedule filed by the Mississippi Valley Gas Company effective February 14, 1974.
Affirmed on direct appeal. Reversed on cross appeal and rendered.
GILLESPIE, C.J., PATTERSON, P.J., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.