337 So.2d 936 (1976)
MISSISSIPPI PUBLIC SERVICE COMMISSION, Appellant,
v.
MISSISSIPPI POWER COMPANY, Appellee.
No. 49199.
Supreme Court of Mississippi.
October 5, 1976.
*937 Pickering & McKenzie, Laurel, Bennett E. Smith, Jackson, for appellant.
Watkins & Eager, Jackson, Eaton, Cottrell, Galloway & Lang, Gulfport, for appellee.
Before PATTERSON, ROBERTSON and BROOM, JJ.
PATTERSON, Presiding Justice, for the Court:
The Mississippi Power Company filed a proposed rate increase with the Mississippi Public Service Commission on February 28, 1974, to become effective April 1 of that year. Mississippi Power Company, hereinafter MPCo, estimated the rate increase would provide $8,500,000 for 1974, a 10.24% pro forma income increase over the rates of 1972. MPCo also proposed to add or "roll-in" approximately 2.25 mills in the base rate to reflect higher fuel costs necessary to the production of electrical energy. It also *938 filed a schedule of proposed rate changes with a statement of the necessity therefor and supporting data as required by Mississippi Code Annotated section 77-3-37 (1972).
On March 11, 1974, the Mississippi Public Service Commission, hereinafter commission, suspended the proposed rate increase, whereupon MPCo filed a refunding bond so the suggested rate increase would take effect April 1, 1974. Public hearings before the commission concluded on July 30, 1974. The record consists of 86 exhibits and a transcript of 1459 pages resulting from eight days of testimony before the commission.
On August 12, 1974, the commission entered its order finding the rate increase was unjust, unreasonable and otherwise in violation of the law. It also deemed inappropriate the change in the amount of fuel cost included in the schedule of rates and charges (the base rate) for energy generated by the company. It concluded the company should reduce the proposed base rate to reflect the amount of fuel cost by which the base rate of the tariff schedule was increased on February 28, 1974, over the base rate in existence prior to that time and changed the new fuel cost adjustment clause accordingly. The commission directed a refund of the excess rates collected over approved rates together with 8% interest and determined that the rates in effect prior to April 1, 1974, were reasonable and just.
When MPCo's petition for rehearing was denied by the commission, an appeal was perfected to the Chancery Court of the First Judicial District of Hinds County.
The chancery court held:
1. That the commission's order of August 12, 1974, should be vacated because it was not supported by substantial evidence, was contrary to the manifest weight of the evidence and violated the constitutional rights of the appellant.
2. That the proposed change in rates filed with the commission on February 28, 1974, effective April 1, 1974, was just and reasonable, would yield revenues not in excess of a fair return on the reasonable value of the property of MPCo used in furnishing the service and that said rates should be approved.
The court thereupon vacated the commission's order and approved the rates proposed by MPCo.
On its appeal to this Court the commission argues that the lower court erred in holding the commission order was not supported by substantial evidence, was contrary to the manifest weight of the evidence and violated the constitutional rights of the appellee and erred in fixing and establishing rates for the appellee.
The legal principles relating to the commission's authority in establishing rates are well settled and have not been subject to substantial change. They are:
1. The burden of proof rests on the public utility to establish the reasonableness of new rates. Southern Bell T. & T. Co. v. Mississippi Pub. Serv. Com'n, 237 Miss. 157, 113 So.2d 622 (1959).
2. The commission, with its expertise, is the trier of facts and within this province it has the right to determine the weight of the evidence, the reliability of estimates and the credibility of witnesses. Capital Electric Power Ass'n v. Mississippi Power & Light Co., 216 So.2d 428 (Miss. 1968); and Southern Bell T. & T. Co. v. Mississippi Pub. Serv. Com'n, 237 Miss. 157, 113 So.2d 622 (1959).
3. The order of the commission is presumptively valid. Loden v. Mississippi Pub. Serv. Com'n, 279 So.2d 636 (Miss. 1973).
4. The reasonableness of rates charged, or to be charged, by a public utility is not determined by definite rule or legal formula, but is a fact question requiring the exercise of sound discretion and independent judgment in each case. Southern Bell T. & T. Co. v. Mississippi Pub. Serv. Com'n, 237 Miss. 157, 113 So.2d 622 (1959).
5a. The chancery court's authority on review is limited by Mississippi Code Annotated section 77-3-67(4) (1972) to: The order *939 shall not be set aside in whole or part except for errors of law, unless the court finds it is not supported by substantial evidence, is contrary to the manifest weight of the evidence, is in excess of statutory authority or violates constitutional rights.
5b. The authority of 5a has been construed at times as follows: The sole question presented for decision is whether or not the action of the commission was arbitrary, not supported by substantial evidence or was manifestly against the evidence. Tri-State Transit Co. of La. v. Dixie Greyhound Lines, 197 Miss. 37, 19 So.2d 441 (1944).
We review the chancery court's order with the above rules before us. We conclude, as did the lower court, that the commission's order denying the proposed rate increase was not supported by substantial evidence. The testimony of the utility's witnesses, with the exception of Dr. Langum is largely uncontradicted as the trial court found:
... [T]he Commission failed to give proper consideration to other factors related to the rate structure, such as the increased cost of operating expenses, the increased capital cost of the business, which includes service on the debt and dividends on the stock, the added cost of pollution control, including the power used in the operation of the pollution control equipment. The undisputed evidence shows that the coverage on debt and preferred stock has dropped to a dangerously low level, and that dividends available for common equity continue to decline, even with the 1972 rate increase. The serious question now is whether the revenue produced by such rate will enable this utility to secure additional funds for expansion of facilities needed to serve its certificated area, and at the same time enable it to maintain coverages required by law.
We therefore affirm the trial court in its finding that the order of the commission was not supported by substantial evidence because it is apparent that the commission overlooked uncontradicted and reasonable testimony of the company's witnesses in reaching its conclusion that the proposed rate increase was not supported by substantial evidence.
The next assignment of error challenges the authority of the chancery court to determine the rate increase on appeal. The legislative intention of embedding in the Public Service Commission the authority to fix and determine rates of return for public utilities has long been established [Miss. Code Ann. § 77-3-41 (1972)]. Our decisions also hold that the rate making function is legislative in character and not the function of a court. In Mississippi Public Service Comm'n v. Home Telephone Co., 236 Miss. 444, 110 So.2d 618 (1959), we held:
The chancery court erred in fixing a rate of return. The function of rate making is purely legislative in character. It is not within the power of a court to fix the rates to be charged by public utilities, although a court may restrain the imposition of confiscatory rates, or, under the Public Utility Act, determine whether the rates as fixed are supported by substantial evidence or within the other statutory restrictions set forth in Code, Sec. 7716-26. 43 Am.Jur., Public Utilities and Services, Sec. 83, pages 185-191. So that part of the decree fixing a rate of return for appellee is reversed. (236 Miss. at 461, 110 So.2d at 626)
This principle was recently reannounced in Mississippi Public Service Comm'n v. Hinds County Water Co., 195 So.2d 71 (Miss. 1967), wherein we stated:
It is beyond question that the function of rate making in this state is purely legislative in character, and a court is without power to fix rates charged by a public utility. We have firmly established this rule in a number of cases. United Gas Corp. v. Mississippi Pub. Serv. Comm., 240 Miss. 405, 127 So.2d 404 (1961); Southern Bell Tel. & Tel. Co. v. Mississippi Pub. Serv. Comm., 237 Miss. 157, 113 So.2d 622 (1959); Mississippi Pub. Serv. Comm. v. Home Tel. Co., 236 Miss. 444, 110 So.2d 618 (1959). (195 So.2d at 78)
*940 The legislature's intentions and this Court's pronouncements that the rate making function is legislative in character and rests with the commission and not the courts has been shadowed by Mississippi Public Service Comm'n v. Mississippi Valley Gas Co., 327 So.2d 296 (Miss. 1976), and Mississippi Power Co. v. Mississippi Public Service Comm'n, 291 So.2d 541 (Miss. 1974). We there held the commission's denial of rate increases was confiscatory and subject to being restrained. From this premise the proposed rate schedules filed by the utilities were adopted. Mississippi Valley Gas Co., supra, cited Mississippi Power Co., supra, as its authority for adopting the rate increase proposed by the gas company. In turn, the Mississippi Power Co. case, supra, cited Mississippi Public Service Comm'n v. Home Telephone Co., 236 Miss. 444, 110 So.2d 618 (1959), as precedent for determining the proposed rate by judicial order.
The authority of a court to enjoin or restrain the imposition of confiscatory rates does not ordinarily carry with it the power to establish the rate. A review of 43 Am. Jur., Public Utilities and Services, section 83, cited in Mississippi Public Service Comm'n v. Home Telephone Co., supra, updated in 64 Am.Jur.2d, Public Utilities, section 126 (1972), reveals that each referred solely to a restraint or injunction, prohibitions incapable of transferring the rate making power from the commission to the courts in derogation of state statute. Indeed, the authorities cited in these texts acknowledge the legislative character of rate making. In Los Angeles G. & E. Corp. v. Railroad Com., 289 U.S. 287, 53 S.Ct. 637, 77 L.Ed. 1180 (1932), the following typical language is noted:
It is the appropriate task of the commission to determine the value of the property affected by the rates it fixes, as that of an integrated, operating enterprise, and it is the function of the court in deciding whether rates are confiscatory not to lay down a formula, much less to prescribe an arbitrary allowance, but to examine the result of the legislative action in order to determine whether its total effect is to deny to the owner of the property a fair return for its use. (289 U.S. at 314, 53 S.Ct. at 647, 77 L.Ed. at 1197.)
We are of the opinion the blemish of established rules by the recent cases is removed by the terms of Mississippi Code Annotated section 77-3-67(4) (1972):
[T]he court may sustain or dismiss the appeal, modify or vacate the order complained of in whole or in part, as the case may be. In case the order is wholly or partly vacated the court may also, in its discretion, remand the matter to the commission for such further proceedings, not inconsistent with the court's order as ... justice may require... . (Emphasis added.)
As we view this language, it means that the court in addition to sustaining or dismissing an appeal may also, when the order is wholly or partially vacated, remand the matter to the commission for further proceedings not inconsistent with the court's order. The discretion mentioned in the statute does not authorize removal of the rate making power from the commission where it is embedded by Mississippi Code Annotated section 77-3-41 (1972). The numerous references to the commission's rate making power in the statutes, both precedent and antecedent to Section 77-3-41, buttress our thoughts that the legislature clearly intended that the power remain with the commission.
The rate making authority remains legislative in character and rests within the power of the Public Service Commission. The pronouncements of Mississippi Public Service Comm'n v. Mississippi Valley Gas Co., 327 So.2d 296 (Miss. 1976), and Mississippi Power Co. v. Mississippi Public Service Comm'n, 291 So.2d 541 (Miss. 1974), though dispositive of the issues under the circumstances in each of them, are nevertheless not authority to vest rate making powers in the courts.
The order of the lower court is affirmed insofar as it holds the commission's order *941 not supported by substantial evidence. It is reversed insofar as it adopted the proposed rate increase of MPCo, and remanded to the commission for determination of the proposed rate increase.
The plea in bar considered in conjunction with the cause on the merits is denied.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED TO THE COMMISSION. THE PLEA IN BAR IS DENIED.
INZER, P.J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
GILLESPIE, C.J., did not participate in this decision.