COFER, Justice, for the Court:
Appellant, Mississippi State Tax Commission (Commission) denied to appellee, Pig-gly Wiggly Alabama Distributing Company, Incorporated (Piggly Wiggly), a wholesaler’s tobacco license for 1978, and, on Piggly Wiggly’s appeal therefrom, the Circuit Court of the First Judicial District of Hinds County reversed the Commission’s order and directed issuance of the license. Commission has appealed from that adverse decision, and assigns here three errors, to-wit:
1. The lower court’s order reversing the order of the State Tax Commission did not cite any findings of fact or conclusions of law upon which its decision was founded and is therefore reversible error;
2. The order of the State Tax Commission denying a wholesale tobacco permit to the appellee was founded upon substantial evidence, was not arbitrary or capricious, an abuse of discretion, or in violation of the appellee’s statutory or constitutional rights, and therefore the lower court’s decision to reverse the commission was in error; and
3. The lower court’s decision was against the overwhelming weight of the evidence found in the record.
*503 Piggly Wiggly is a Delaware corporation organized and owned by its franchise retail store owners, having as its primary purpose affording to its franchise stores a source for their wholesale merchandise items. It has its main location in Alabama but at all pertinent times has been qualified to do business in Mississippi. It carries merchandise with the Piggly Wiggly brand which can only be sold to its franchised outlets. Merchandise not so branded it can sell to any retailer.
On Piggly Wiggly’s application to the Commission for issuance of a wholesale license, it lodged with the Commission its corporate charter from which the Commission determined that the license should not be issued, because the charter limited wholesale sales to Piggly Wiggly’s franchised stores. Amendment was promptly procured to do away with this limitation, and such license was issued for the year 1974. Renewal for 1975 was denied but, after meeting of responsible parties and on Piggly Wiggly’s promise to furnish to Commission additional information as to its operations, a temporary permit was issued, which remained in force during that year. The license was renewed for the years 1976 and 1977 in what is described as a “routine” manner.
In November 1977 Commission notified Piggly Wiggly that the license would be denied for 1978. A meeting with the chairman of the Commission was had on December 28, 1977, again denying the license, followed by a meeting on December 29, 1977, whereat the Commission, after full hearing, entered its order of which the following is pertinent to this narration:
The Commission, after having heard the testimony and evidence presented and after considering the same, is of the opinion and so finds that the applicant herein, Piggly Wiggly Alabama Distributing Company, Inc., does not qualify as a wholesaler within the meaning of Section 27-69-3(;j), Mississippi Code of 1972, and is therefore not qualified to hold a wholesale tobacco permit.
IT IS, THEREFORE, HEREBY ORDERED AND ADJUDGED that the application for renewal of the wholesale tobacco permit issued to Piggly Wiggly Alabama Distributing Company, Inc., is denied. ■
The Circuit Court on June 21, 1978, entered its order on Piggly Wiggly’s appeal:
This day this cause came on for hearing in open Court, both sides represented by counsel, and argument made in open Court, and the Court having considered the written briefs filed herein, the Court is of the opinion that the appeal is well taken, and should be granted.
IT IS, THEREFORE, ORDERED AND ADJUDGED, that the order of the Mississippi State Tax Commission of December 29, 1977, is hereby reversed, and the Commission shall forthwith issue unto appellant herein its license and permit as a Wholesale Tobacco Dealer.
This appeal to the circuit court was on the record made in the December 29, 1977, meeting of the Commission, and, of course, was limited in its review scope to a determination of whether the Commission’s order:
(1) was supported by substantial evidence,
(2) was arbitrary or capricious
(3) was beyond the power of the Commission to make, or
(4) violated some statutory or constitutional right of [Piggly Wiggly].
Mississippi State Tax Commission v. Mississippi-Alabama State Fair, 222 So.2d 664, 665 (Miss.1969).
The Commission says that the circuit court’s reversal of the Commission’s order without citation of findings of fact or conclusions of law as basis for the reversal is reversible error. It would be more helpful to this Court had this been done, but it cannot well be said that the circuit court was able, from the Commission’s order, to determine basis for the Commission’s action without resort to an examination of the testimony before the Commission. [On the inconvenience of failure of administrative *504 bodies to make detailed findings of fact as an aid to judicial review, see opinion under headnotes 3 and 4 in Mississippi Power Co. v. Mississippi Public Service Comm., 291 So.2d 541, 554-555 (Miss.1974)].
While it is true that the findings of fact by the Commission are taken as prima facie true, it is also correct that when the decision of the administrative body has been overturned in a judicial review, the burden is on the Commission here to point to the evidence supporting its order to show that it was not manifestly contrary to the weight of the evidence. Mississippi Public Service Comm. v. Mississippi Valley Gas Co., 327 So.2d 296, 297 (Miss.1976).
Not finding reversible error in the circuit court’s failure to detail findings of fact and conclusions of law, we notice the facts and the law.
While there have been in the record and briefs, from time to time references to Mississippi Code Annotated, section 75-23-1, et seq. (1972), the Unfair Cigarette Sales Law, and an attendant propensity to invoke that statute in defense of the Commission’s refusal to grant the 1978 license, we are of the opinion that, as its own order states, the Commission has bound itself to section 27— 69-3(j) as its authority in the premises. In that statute there is found lack of support for its denial of the license. That subsection (j) defines a wholesaler:
(j) The word “wholesaler”, as used herein, shall include dealers, whose principal business is that of a wholesale dealer or jobber, and who is known to the retail trade as such, and whose place of business is located in Mississippi or in a state which affords reciprocity to wholesalers domiciled in Mississippi, who shall sell any taxable tobacco to licensed retail dealers only for the purpose of resale, or giving it away, or exposing the same where it may be taken or purchased, or otherwise acquired by the retailer.
When the 1974 license was issued to Pig-gly Wiggly, the undisputed record shows that the licensee put three representatives in the area to be served by it, whose assignment was to cause Piggly Wiggly to be “known to the retail trade as such” — as a wholesale dealer or jobber — and these stayed in the field for a period of months discharging their familiarizing mission. Orders came in from some of the dealers and kept on coming until the middle of 1976, (admittedly, minute compared to the wholesaler’s overall sales) and it has continued to stand ready to sell any merchandise to any retailer whose credit would bear the order, Piggly Wiggly brands alone excluded.
Comprehension of the definition of “wholesaler” above quoted is not free from difficulty. The last words of the definition, “or otherwise acquired by the retailer,” might be appraised as an inadvertence and unfortunate, but they are afforded clarity by the last words of subsection (k) defining retailer, which say, “or otherwise acquired by the consumer.” (Emphasis added).
We interpret subsection (j) as making a wholesaler of a dealer who is known to the retail trade as a wholesaler who shall sell tobacco to licensed retail dealers, and only to licensed retail dealers, for the purpose of resale, or who shall give taxable tobacco away, or who shall expose taxable tobacco where it may be acquired by the retailer. In this conclusion we hold that a wholesaler does not have to have sales to show his status as such.
On May 25, 1951, the Attorney General rendered an opinion on this statute in its then form, wherein he held in part as follows:
The provision of the statute is plainly stated that a Wholesaler must meet the following qualifications:
(1) His principal business is that of a wholesale dealer or jobber, and who is known to the trade as such.
(2) He must sell to licensed retail dealers only for the purpose of resale, etc.
It is quite plain from this that a company cannot constitute itself a wholesaler for the purpose of selling only to its own individual or corporate outlets and to no other. Its sales must be available, under the terms of this statute, to “the trade” and they must sell to “dealers,” using the plural and not the singular.
*505 An individual company, or association which does not make its sales available to retail dealers in general is not a wholesaler within the meaning of this statute, nor can they qualify by having only one retail outlet. (Emphasis added.) (Attorney General’s Biennial Reports, 1945-1957., p. 51).
We think that, taken by its four corners, the opinion includes as wholesalers those who “make their sales available to retail dealers in general,” and that, with limited actual selling success, Piggly Wiggly has done so. .
We conclude that the Commission erred in denying the license to Piggly Wiggly and that the circuit court correctly reversed the Commission’s order and we affirm the court’s decision.
AFFIRMED.
PATTERSON, C.. J., and SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.