ROBERTSON, Presiding Justice,
for the Court:
Bay Springs Telephone Company, Inc., (BSTC), appeals from the final decree of the Chancery Court of the First Judicial District of Hinds County dated August 7, 1978, affirming the order of the Mississippi Public Service Commission (MPSC) rendered on September 15, 1977, in which Order the Commission denied any increase in rates to BSTC.
BSTC has assigned as error:
I. The Court erred in rendering a Decree that found BSTC was receiving a fair Rate of Return in the Test Year (1976), based on its Present Rates, inasmuch as the Court erroneously accepted an $87,840 over-statement by the MPSC as to the Toll Revenue portion of the Annual Gross Revenue of BSTC for the Test Year (1976).
II. The Court then erred in rendering a Decree that found BSTC would receive a fair Rate of Return and would make a fair and reasonable amount of profit, with no increase under Present Rates, in the Projected Year (1977), inasmuch as the Court included Error # 1 above, and additionally erroneously accepted the MPSC failure to amortize Federal Income Taxes by crediting BSTC its entire Investment Tax Credit of $99,-005 in the Projected Year (1977).
III. The Final Decree of the Court is erroneous as a matter of law, inasmuch as it deprives BSTC of its property without due process of law, and denies BSTC equal protection of the laws.
Although BSTC was granted rate increases on May 17, 1976, it gave notice on *695 March 28, 1977, of its intention to further increase rates and charges and on the same day applied to MPSC for approval of the new rates and charges. BSTC proposed to increase the rate on a one-party business telephone from $18 to $30 per month (a 67% increase), and on a one-party residence telephone from $9.50 to $13.50 per month (a 42% increase). Other proposed increases in the monthly rates for business telephones and exchanges varied from 22% to 150%; and other proposed increases in the monthly rates for residence telephones were from 15% to 41%.
The Commission found:
“[T]hat the rate base on which a determination for rates which will yield a fair rate of return to the public utility for furnishing service to the public should include: 1. telephone plant in service, less accumulated depreciation, and 2. working capital.”
The Order of September 15, 1977, then stated:
“The Commission finds inconsistent figures used by the applicant’s accountant and rate consultant, when those figures are compared to its own certified audit statement by the applicant’s own certified public accountants, Curry and Wof-ford. The Commission finds that on a projected year under present rates (rates in force before the application) the computation of the rate base and rate of return should be as follows:
1. Telephone Plant in Service $7,932,9861)0
2. Less accumulated depreciation 1,640,325.00
3. Net Telephone Plant in Service 6,292,661.00
4. Working Capital 93,178.00
5. Total Rate Base 6,385,839.00
6. Net Operating Income 468,825.00
7. Rate of Return 7.34%
In its order, MPSC also found that the applicant is an independent telephone utility, and that its basic long term financing is provided by REA; that the stockholders’ return on equity for the actual year ending December 31, 1976, under present rates was 70.23%, and that such return on equity far exceeded industry averages. MPSC further found that the debt ratio of BSTC was 95.8%, while the industry average was 53.9%; that BSTC is a capital deficient company, and that “its capital structure is being basically financed by telephone subscribers by the payment of telephone rates;” that BSTC “is a closely held corporation with affiliated ownerships closely held within one major family;” and that J. D. Fail, a member of this family who is an officer of BSTC, is paid a substantial salary by BSTC, even though he operates a full time professional engineering firm on the side.
The Order recites:
“It is undisputed in the record that J. D. Fail contracts for engineering services with Bay Springs Telephone Company. The contractual arrangements are that the engineering firm would be paid for its costs which include salaries of its personnel, wages of its personnel, salaries and compensation of its partners and principals, expenses of insurance, medical insurance, reimbursement for fringe benefits, rental on its equipment and other reimbursement items plus 75% of all costs enumerated from the above items.”
The Commission also made note in its order that it had taken testimony from more than 45 customers of BSTC as to poor maintenance of its lines, poor repair service and poor customer service generally, even though under the proposed rates BSTC’s customers would be charged “the highest overall rates of any telephone company in the State of Mississippi.”
In answer to the first assignment of error, the record contains the actual audit of BSTC’s books by its own CPAs, Curry and Wofford, which show the toll service revenues for 1976 to be $775,135; whereas Larry W. Seab, also BSTC’s special CPA and rate expert, shows toll service revenues of $687,295 in his “Pro Forma Statement of Income Actual” for 1976.
Under cross-examination, Seab testified:
“Q But what I’m getting at, Mr. Seab, is that in 1976 you actually had $775,000 in toll income, didn’t you?
*696 A Yes, sir.”
Thus the undisputed testimony from BSTC’s own accountants and witnesses answers the argument made by BSTC in its first assignment of error adversely to the contention of the appellant.
As to the second assignment of error that MPSC failed “to amortize Federal Income Taxes by crediting BSTC its entire Investment Tax Credit of $99,005 in the Projected Year (1977)”, John R. Benham, Jr., a CPA and a witness for the Commission, testified that his separate computation of Federal and State Income Taxes for BSTC alone is “an accepted method for computing the income tax for a subsidiary,” even though the parent corporation filed a consolidated tax return for all its subsidiaries. Benham went to some pains to explain that this was merely a calculation of federal and state income taxes for the projected year with present and proposed rates and was a statement and not an income tax return for BSTC. BSTC is the main subsidiary of Telephone Electronics Corporation, the holding company whose stock is also owned largely by the Fail family.
MPSC is not denying the holding company the right to amortize the investment tax credit on its consolidated tax return in any way that it can legitimately do so under federal law. It appears to this Court that, for rate-making purposes, the only way to get a true picture of the interaction of the investment tax credit on federal income taxes and, therefore, on the net income of BSTC for a projected year is to handle it as Benham did with a separate statement for BSTC. Benham merely calculated the federal income taxes at $173,010 (with the proposed new rates in effect) and deducted therefrom the $99,005 Investment Tax Credit due BSTC for property, equipment and materials purchased by BSTC. It cannot be stressed too strongly that Benham’s tax calculation was merely a financial statement for MPSC, not a U. S. Income Tax Return. Benham was not usurping the right of T.E.C., the parent corporation, to handle its consolidated income tax return in any way it saw fit and could legitimately do under federal law. T.E.C. could amortize or not amortize in its sound judgment and discretion alone.
The undisputed testimony was that a fair and reasonable rate of return for a telephone company would be between 6% and 8%. The Commission found that under the present rates BSTC was earning 7.34% on a total rate base of $6,385,839 and that its net operating income for 1977 (the projected year) would be $468,825.
This Court finds, as did the chancery court, that the order of the Commission is supported by substantial evidence, is not contrary to the manifest weight of the evidence, is not in excess of the statutory authority or jurisdiction of the Commission, does not violate any constitutional rights of BSTC and, therefore, that the final decree of the chancery court affirming the order of the Mississippi Public Service Commission should be affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.