COFER, Justice,
for the Court:
Appellee Hughes Telephone Company, Incorporated, a public utility, affording telephone service to upward of 5,000 customers in Lauderdale, Kemper, Neshoba, Noxubee, and Newton Counties, filed with appellant Mississippi Public Service Commission a new and substantially higher schedule of rates it proposed to charge its customers. After hearing, appellant (Commission) fixed a ten percent increase. From this action of the commission, appellee (Hughes) appealed to the Chancery Court of the First Judicial District of Hinds County, which court reversed the commission and established a rate base and ordered rates chargeable commensurate therewith.
The commission has appealed here, and assigns as error the following:
1. The Court erred in fixing the rate base and rate of return to be ordered by the commission;
2. The Court erred in finding the commission’s order was not supported by substantial evidence; and
3. The Court erred in finding the increase allowed by the commission to be unreasonable.
Hughes filed with the commission, on January 17, 1978, its intention to put into effect its proposed rate increase, which was done effective February 17, 1978, on bond in the amount of $80,000, conditioned in the manner provided by Mississippi Code Annotated, section 77-3-39 (1972). Hearing was had on the first day of May 1978 and final order was rendered on the first day of June, 1978.
Prior to the hearing statutory notice thereof was published in addition to which Hughes published articles relative to its proposal in DeKalb and Meridian newspapers, and mailed to each of its customers a letter explaining the necessity for the rate *1076 increase, enclosing with the letter a card comparing the existing rates with those proposed, and the customers were therein requested to ask questions if further information was desired.
There was no written nor personal objection by any of the upward of 5,000 customers and the case was decided upon the testimony of three witnesses for Hughes and one witness for the commission.
Certain governing legal principles will here be noticed. In Mississippi Public Service Commission v. Mississippi Power Co., 337 So.2d 936 (Miss.1976), the following was enunciated:
1. The burden of proof rests on the public utility to establish the reasonableness of new rates. Southern Bell T. & T. Co. v. Mississippi Pub. Serv. Comm’n., 237 Miss. 157, 113 So.2d 622 (1959).
2. The commission, with its expertise, is the trier of facts and within this province it has the right to determine the weight of the evidence, the reliability of estimates and the credibility of witnesses. Capital Electric Power Ass'n. v. Mississippi Power & Light Co., 216 So.2d 428 (Miss.1968), (citations omitted).
3. The order of the commission is presumptively valid. Loden v. Mississippi Pub. Serv. Comm’n., 279 So.2d 636 (Miss.1973). (337 So.2d at 938).
Section 77-3-59 provides, in pertinent part:
After the conclusion of a hearing, the commission shall make and file its findings and order, and its opinion, if any. All findings shall be supported by substantial evidence presented in the hearing and shall be in sufficient detail to enable the court on appeal to determine the controverted questions presented by the proceeding, and the basis of the commission’s conclusion.
In Mississippi Public Service Commission v. AAA Anserphone Inc., Jackson, 372 So.2d 259 (Miss.1979), it is said:
The failure of the Commission’s order to contain a detailed finding of fact in Mississippi Power Co. v. Miss. Public Service Comm., 291 So.2d 541, 554-555 (Miss. 1974), was the subject of comment in this Court where it was said that detailed findings should be made as an aid to the Court on appeal and in Mississippi State Tax Commission v. Piggly Wiggly Alabama Distributing Co., Inc., 369 So.2d 501 (1979), we took note of the Tax Commission’s failure to make detailed findings of fact. We do not know and have not had cited to us any holding of our Court that failure to make findings of fact in cases such as this is basis for reversal. (372 So.2d at 265).
The Commission made this finding of fact:
FINDING OF FACT
The hearing conducted concerned the lawfulness of the proposed basic exchange rates and charges and miscellaneous charges of Hughes Telephone Company, Inc.
The Commission heard and considered the oral and documentary evidence pertaining to the proposed increase in basic exchange rates and charges and miscellaneous charges involved in the hearing.
The current testimony and evidence of the capital structure of the Company, along with past, present and future financial plans of the Company, the debt ratio of the Company, past earnings of the Company, and all other matters pertaining to the rate of return, cost of capital, rate base, and all other matters relevant and material to the determination of this cause were duly heard and considered by the Commission.
Lodging upon the applicant the burden of proof, by clear and convincing evidence, that the proposed increases are justified, reasonable, and lawful, and that the burden had not been met, and setting out the schedule of present rates and rates proposed by Hughes, and the percentage of increase, the Commission’s order continued:
The exhibits and evidence presented in this cause show that some of the proposed miscellaneous and nonrecurring charges were increased as much as 100%.
*1077 The requested increase in basic rates and charges and miscellaneous charges would provide an increase of $158,545.00 for local telephone service.
The Commission, therefore, finds that the increase in basic exchange rates and charges and miscellaneous charges applied for and put into force under bond are unjust, unreasonable, unreasonably discriminatory and are not in the public interest and the same should be set aside and denied.
The Commission further finds that a 10% increase over present basic exchange rates and charges and miscellaneous charges should be allowed as being just and reasonable and in the public interest.
It then ordered denial of the tariff as proposed by Hughes, and ordered that Hughes file a new tariff “to provide for a 10% increase over present basic exchange rates and charges and miscellaneous charges, for approval by the Commission.”
On appeal, the chancellor examined the record including the exhibits, noticed the testimony of Hughes’ president as to the size and location of the area served by Hughes, the subscriber density (causing service at less income because of the small telephone population per mile of line), maintenance expense, increased cost of supplies and employees and other facts important to a determination of the issues. He also took note of the absence of findings of fact in the commission’s opinion as well as its failure to determine a rate base and a reasonable rate of return thereon. He noticed the extensive study of the situation by several who deliberated together thereon.
He found that the commission’s order allowing only a 10% overall increase in the rates and its denial of the higher increase sought by Hughes was not supported by substantial evidence and was against the manifest weight of the undisputed evidence. This decision lay well within the power and discretion of the chancellor.
Section 77-3-67(4) (Supp.1978), empowering appeal as was taken to the chancellor in this case, says:
(4) . . . The order shall not be vacated or set aside either in whole or in part, except for errors of law, unless the court finds that the order of the commission is not supported by substantial evidence, is contrary to the manifest weight of the evidence, is in excess of the statutory authority or jurisdiction of the commission, or violates constitutional rights.
We set forth above the rule that the commission’s order is presumptively valid. The chancellor’s finding the order invalid has shifted the burden to appellant here to point to the evidence substantially supporting its findings and order. In Mississippi Public Service Commission v. Mississippi Valley Gas Co., 327 So.2d 296 (Miss.1976), it was held:
However, after the chancellor found that the order of the commission was against the overwhelming weight of the evidence, the burden was on the commission on appeal to this Court to point to the evidence that supported its order to show that its order was not manifestly against the weight of the evidence (327 So.2d at 297).
As found by the able chancellor, the commission, faced with a proposal to overhaul upward its structure of rate charges, seemed to be of the view that it had discretion to determine whether a rate base was relevant, and it exercised that discretion and refrained from arriving thereat.
Section 77-3-43, provides, in part:
In regulating the rates of any public utility, the commission shall, on hearing after reasonable notice, ascertain and fix the rate base of the property of the public utility when the same is relevant or material to the exercise of the jurisdiction of the commission, and the commission may make readjustments from time to time and ascertain the cost of all new construction, extensions and additions to the property of every public utility. In arriving at such rate base the commission shall give due consideration to all elements that are generally considered in determining the rate base for rate making purposes.
Section 77-3-33(1) says, in part:
*1078 Rates prescribed by the commission shall be such as to yield a fair rate of return to the utility furnishing service, upon the reasonable value of the property of the utility used or useful in furnishing service.
and Section 77-3-39 requires:
If, after such hearing, the commission shall find any such rate or rates to be unjust, unreasonable or unreasonably discriminatory, or in anywise in violation of the law, the same shall be set aside and the commission shall determine and fix by order such rate or rates as will yield a fair rate of return to the public utility for furnishing service to the public and shall make and file its conclusions and findings of fact supporting such order.
For purpose of this decision we do not need to enumerate or point out cases wherein a rate base is not relevant. It suffices to say in the instant case, a reasonable rate of return on property used or useful in rendering the service in which Hughes is engaged is mandatory under the statute. In order to fix this rate of return, it is indispensable that a rate base be fixed. The commission erred in its failure to fix such rate base and the reasonable rate of return to Hughes on that rate base.
The commission erred further in failing to fix a rate of return related to a rate base legally formulated. The arbitrary fixing of a 10% increase in rates presupposes that the present rates were deficient by only 10% and it appears certain that compliance with that increase will result in operation at a substantial loss.
The chancellor found:
The appellant (appellee in this Court) put into the record facts and figures useful for a proper determination of the rate base and fair rate of return. These facts are in the record in the proper evidentia-ry manner, and there is no major conflict in any of these facts.
Appellee advances the point that, on the commission’s increase of 10%, the rate of return on its pro forma rate base of $4,379,-477 is 1.68% (If the commission’s accountant’s rate base of $4,086,136 is utilized, then the return is 1.80%).
In this context, Hughes points to Bay Springs Telephone Company, Inc. v. Mississippi Public Service Commission, 370 So.2d 694 (Miss.1979), wherein the commission fixed a rate base and found a return thereon of 7.34% to be reasonable, and wherein we said: “The undisputed testimony was that a fair and reasonable rate of return for a telephone company would be between 6% and 8%.” (370 So.2d at 696).
In the instant case the chancellor found only slight disagreement between the accountant for Hughes and the accountant for the commission, and, on the compatible state of the record, arrived at a rate base of $4,379,477 and found as reasonable a return of 3.54% thereon. In the court’s decree thereon, the commission was directed to enter an order providing rates, effective as of February 17, 1978, which will afford a return of 3.54% on the rate base of $4,379,-477 which the chancellor found to be reasonable, as shown next above.
As to the chancellor’s action in fixing rate base and rate of return thereon, and ordering the commission to put these into effect, we notice three of our decisions and an earlier portion of Section 77-3-67 (Supp.1978), part of which section has been noticed above.
In Mississippi Power Company v. Mississippi Public Service Commission, 291 So.2d 541 (Miss.1974), it was said:
For the reasons stated, this cause is reversed, the order of the commission is vacated, and the rate schedule filed by MPCo. is approved effective July 1, 1972. (291 So.2d at 559).
Then, in Mississippi Public Service Commission v. Mississippi Valley Gas Co., 327 So.2d 296 (Miss.1976), appears the following:
For the reasons stated, the decree of the chancery court is affirmed on direct appeal and reversed on cross appeal insofar as it remanded the cause to the commission. A judgment will be entered here approving the rate schedule filed by *1079 the Mississippi Valley Gas Company effective February 14, 1974. (327 So.2d at 298).
Section 77-3-67(4), (Supp.1978), provides as to the court’s authority on appeal:
(4) The court may . . . sustain or dismiss the appeal, modify or vacate the order complained of in whole or in part, as the case may be. In case the order is wholly or partly vacated the court may also, in its discretion, remand the matter to the commission for such further proceedings, not inconsistent with the court’s order as, in the opinion of the court, justice may require. .
But for the law announced in Mississippi Public Service Commission v. Mississippi Power Company, 337 So.2d 936 (Miss.1976), we might be constrained to hold the action of the chancellor in fixing the rate base and rate of return authorized under that statute. In the decision, however, it is said:
The rate making authority remains legislative in character and rests within the power of the Public Service Commission. The pronouncements of Mississippi Public Service Comm’n v. Mississippi Valley Gas Co., 327 So.2d 296 (Miss.1976), and Mississippi Power Co. v. Mississippi Public Service Comm’n, 291 So.2d 541 (Miss.1974), though dispositive of the issues under the circumstances in each of them, are nevertheless not authority to vest rate making powers in the courts. (337 So.2d at 940).
We are of the view, as was the chancellor, that he arrived at amounts warranted by the materially uncontradicted proof, as appellant should have done. We find it necessary to remand the case to the commission for such findings, those the chancellor found, or others supported by cogent proof. We are of the view that the commission may fully comply herewith without reopening the case for further proof.
We affirm the chancellor’s holding that the commission’s order is not supported by substantial evidence and his reversal and setting aside of said order. We reluctantly reverse the lower court, insofar as it fixed a rate base and rate of return, and remand the cause to the commission for compliance with the paragraph next above.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED TO THE COMMISSION.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.