THOMAS, J.,
for the Court:
¶ 1. Siwell Utility Company, Inc. (“Si-well”) filed a petition before the Public Services Commission (“Commission”) seeking a supplemental certificate of public convenience and necessity to construct, operate and maintain its sewer system in an expanded area. Forest Woods Utility Company, Inc. (“Forest Woods”) filed a motion to intervene. Siwell filed a motion to dismiss the intervention proceedings. The Commission granted Siwell’s motion to dismiss and granted Siwell’s petition seeking a supplemental certificate of public convenience and necessity. Forest Woods appealed to the chancery court, which affirmed the Commission. Aggrieved, Forest Woods asserts the following errors:
I. THE DECISION OF THE PUBLIC SERVICES COMMISSION WAS NOT BASED ON SUBSTANTIAL EVIDENCE.
II. THE COMMISSION’S PROCEEDINGS VIOLATED FOREST WOODS’ FOURTEENTH AMENDMENT DUE PROCESS RIGHTS.
Finding no error, we affirm.
FACTS
¶2. Siwell is a Mississippi corporation that exclusively provides sewer service to residents of a specified area of Hinds County, Mississippi by virtue of a certificate of public convenience and necessity granted to it by the Mississippi Public *618 Service Commission several years ago, pursuant to Miss.Code Ann. § 77-3-11(3) (1972). On November 9, 1999, Siwell filed a petition in this action before the Commission seeking a supplemental certificate of public convenience and necessity to construct, operate and maintain its sewer system in an expanded specified area.
¶ 3. With its new petition, Siwell filed numerous exhibits, including the following: a full legal description of the proposed service area; a large scale map showing the boundaries of the proposed service area; a general description of the facilities to be used in rendering sewer service to the area; an estimate of the cost to construct the additional sewer system; a listing of all sources of funding for the project; an estimate of prospective and assured customers in the new service area, as well as Siwell’s existing service area; a complete set of engineering plans and specifications for the project; approval of the engineering plans and specifications by the Mississippi Department of Environmental Quality; and the pre-filed testimony of John T. Robinson, President of Siwell Utility Company, Inc., and John T. Bailey, P.E., the engineer who designed the new sewer system. In his testimony, Mr. Robinson asserted that a real estate developer had requested sewer service from Siwell for the developer’s new subdivision and that the developer would construct, contribute and convey the new sewer system to Siwell, in exchange for sewer service from Siwell to new lot owners in the subdivision. Thus, Robinson stated that there was a public need for expansion of its present sewer system. John T. Bailey, P.E., testified that DEQ had approved the extension of Siwell’s sewer system, which consisted of approximately 4000 lineal feet of eight inch gravity sewer main; 6000 lineal feet of six inch force main; manholes; and a 275 GPM Pumping Station.
¶4. Forest Woods filed a petition to intervene in these proceedings on November 30, 1999 and objected to Siwell’s request for an extension of its exclusive service area. Among its reasons for opposing Siwell’s petition, Forest Woods asserted that it had plans to connect its sewer system to regional treatment facilities, and the public interest would therefore be best served by connecting the new subdivision to Forest Woods’ facilities. Forest Woods was immediately allowed to intervene in these proceedings by order of the Commission dated November 30,1999.
¶ 5. On December 7, 1999, Siwell filed a motion to dismiss Forest Woods’ objection, arguing that: (1) Forest Woods currently had no adequate treatment facility to service its wastewater, and no approval from DEQ or the Commission to connect its sewer system to any regional treatment facility; and (2) because Forest Woods had no approval from the Commission in regard to additional sewer rates to be charged to Forest Woods’ existing and prospective customers, should it be allowed to connect to a regional treatment facility. In response, Siwell pointed out that (1) its proposed extension for service as well as the extension plans and specifications for installation of improvements, had already been approved by DEQ; and, significantly, (2) the developer of the subdivision had requested service from Siwell, not Forest Woods.
¶ 6. A pre-hearing conference was held pursuant to Miss.Code Ann. § 77-3-39(3) and (4) (Rev.2000) on December 20, 1999, and was conducted by the Public Utilities staff to discuss all issues of the case, and all parties were in attendance. After a thorough discussion, both parties agreed to allow the Commission to rule on Siwell’s motion to dismiss Forest Woods’ objection without a hearing, and both sides were *619 allowed to file any additional affidavits that might be helpful to the Commission in rendering its decision.
¶ 7. The Commission granted Siwell’s motion to dismiss Forest Woods’ objection on January 12, 2000 and ultimately granted Siweh’s petition for a supplemental certificate of public convenience and necessity by final judgment dated February 2, 2000. Among its reasons for dismissing Forest Woods’ objection and granting its final judgment in Siwell’s favor, the Commission stated the following: (1) Siwell’s request for an extension of its service area had DEQ approval, whereas Forest Woods had no sewer treatment facilities immediately available to provide sewer service to the area under consideration; (2) the real estate developer of the subdivision in question emphatically desired service from Si-well, rather than Forest Woods; (3)- the public convenience and necessity would best be served and it would be in the best interest of the subdivision residents and customers by granting a supplemental certificate to Siwell, rather than Forest Woods, for the reasons set forth in Siwell’s original petition.
¶ 8. The Commission also found that Forest Woods presently had no legitimate contract with the City of Jackson to connect to Jackson’s regional sewer treatment facility because (1) Forest Woods had not sought Commission approval of such a contract; and (2) Forest Woods had no authority to connect its facilities to a regional facility or to pass along to its customers the additional costs it would be required to pay as a result of such a connection or contract. Thus, since no Public Service Commission approval had been granted (or sought) for any of its proposed actions which Forest Woods cited as its justification to object to Siwell’s petition to expand its service area, the Commission unanimously found that Forest Woods’ objection had no legitimate basis. The Commission further found that the developer would be irreparably harmed if Siwell’s petition was unduly delayed.
STANDARD OF REVIEW
¶ 9. Miss.Code Ann. § 77-3-67 (Rev. 2000) states that:
(1) In addition to other remedies now available at law or in equity, any party aggrieved by any final finding, order or judgment of the commission, except those final findings, orders or judgments specified in section 77-3-72, shall have the right, regardless of the amount involved, of appeal to the chancery court of the judicial district in which the principal place of business of the utility in the state of Mississippi is located.
[[Image here]]
(3) No new or additional evidence shall be introduced in the chancery court but the case shall be determined upon the record and evidence transferred.
(4) The court may hear and dispose of the appeal in term time or vacation and the court may sustain or dismiss the appeal, modify or vacate the order complained of in whole or in part, as the case may be. In case the order is wholly or partly vacated the court may also, in its discretion, remand the matter to the commission for such further proceedings, not inconsistent with the court’s order as, in the opinion of the court, justice may require. The order shall not be vacated or set aside either in whole or in part, except for errors of law, unless the court finds that the order of the commission is not supported by substantial evidence, is contrary to the manifest weight of the evidence, is in excess of the statutory authority or jurisdiction of the commission, or violates constitutional rights.
*620 ¶ 10. Therefore, a decision of the Commission will not be vacated if: it is supported by substantial evidence, it is not arbitrary or capricious, or unless the decision is beyond the power of the Commission to decide. Shadburn v. Tishomingo County Water District, Inc., 710 So.2d 1227, 1231-32, (Miss.Ct.App.1998); Mississippi Public Service Commission v. Mississippi Valley Gas Co., 327 So.2d 296 (Miss.1976); Hinds-Rankin Metro. Water and Sewer Ass’n., Inc. v. Miss. Public Service Commission, 263 So.2d 546, 563 (Miss.1972); Capital Elec. Power Ass’n v. Mississippi Power & Light Co., 216 So.2d 428 (Miss.1968). Our supreme court has previously applied this standard to the same situation as the case at hand. In that opinion, our supreme court made it abundantly clear that a grant of certificate of convenience and necessity by the Public Service Commission cannot be overturned if it is supported by substantial evidence and if not arbitrary, capricious, violative of constitutional right, or beyond the power of the Commission. Mississippi Power Co. v. South Mississippi Elec. Power Ass’n, 254 Miss. 754, 183 So.2d 163, 167 (1966).
¶ 11. Further, Miss.Code Ann. § 77-3-77 (Rev.2000) establishes who carries the burden of proof,
In all actions and proceedings arising under the provisions of this article or growing out of the exercise of the authority and powers herein granted to the commission, the burden of proof shall be on the party seeking to vacated an order of said commission.
ANALYSIS
I. WAS THE DECISION OP THE PUBLIC SERVICES COMMISSION BASED ON SUBSTANTIAL EVIDENCE?
¶ 12. It is clear to this Court that Forest Woods has not met the burden of proving that the Commission’s holding was against the substantial evidence. Therefore, the grant of certificate of convenience and necessity by the Commission cannot be overturned.
II. DID THE COMMISSION’S PROCEEDINGS VIOLATE FOREST WOODS’ FOURTEENTH AMENDMENT DUE PROCESS RIGHTS?
¶ 13. The Commission had original jurisdiction to hear and rule on the matter at hand, and proper legal procedure was followed. The Commission properly afforded Forest Woods its rights of due process, as did the chancery court on first appeal. There was no violation of due process in the case at hand.
¶ 14. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.